**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| MONTE D. BONE, | )( | |
| | )( | |
| Plaintiff, | )( | CIVIL ACTION |
| | )( | FILE NO. _____ |
| v. | )( | [On removal from the State |
| | )( | Court of Gwinnett County, |
| STATE FARM FIRE AND, | )( | Georgia, Civil Action File |
| CASUALTY COMPANY, | )( | No. 20-C-01990-S2] |
| | )( | |
| Defendant. | )( | |

## STATE FARM FIRE AND CASUALTY COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW State Farm Fire and Casualty Company ("State Farm"), Defendant in the above-styled action, and files its Answer and Affirmative Defenses to Plaintiff Monte D. Bone's ("Plaintiff's") Complaint, showing this Court as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim against State Farm under State Farm Homeowners Policy No. 11-BZ-U116-1 ("Policy") which is the subject of this Complaint.

## SECOND AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks to assert a claim for breach of contract against State Farm for reported damage ("Loss") to property located at 15 Heritage

Way, McDonough, Georgia 30253-6065 ("Property"), which is the subject of Plaintiff's Complaint, Plaintiff's action should be dismissed because State Farm did not breach its contract with Plaintiff and, at all times relevant to this action, has acted in accordance with the terms and conditions of the Policy and all applicable Georgia law.

### THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks to assert a bad faith claim against State Farm pursuant to O.C.G.A. § 33-4-6, Plaintiff may not recover because his claim is legally and factually insufficient. State Farm has, at all times, acted in good faith with respect to Plaintiff's claim.

### FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks to assert a bad faith claim against State Farm pursuant to O.C.G.A. § 33-4-6, Plaintiff is barred from asserting any such bad faith demand because he failed to satisfy the procedural requirements of O.C.G.A. § 33-4-6, including, but not limited to, asserting any proper and timely bad faith demand and waiting the statutory period of 60 days prior to filing suit.

### FIFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks to assert claims against State Farm pursuant to O.C.G.A. §§ 13-6-11 and 9-15-14, Plaintiff cannot recover because

O.C.G.A. § 33-4-6 is the exclusive remedy for any alleged wrongful failure to pay an insurance claim.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against State Farm for attorneys' fees pursuant to O.C.G.A. § 13-6-11 upon which relief can be granted.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against State Farm for punitive damages pursuant to O.C.G.A. § 51-12-5.1 upon which relief can be granted.

## EIGHTH AFFIRMATIVE DEFENSE

State Farm is not indebted to Plaintiff for the sum sought or in any amount whatsoever.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovering the amount asserted in his Complaint because these alleged damages are speculative and Plaintiff did not actually incur and/or is not likely to incur these damages.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff is unable to recover the damages set forth in his Complaint because this amount does not reflect the reasonable cost to replace or repair the damage resulting from a covered cause of loss to Plaintiff's Property with equivalent construction for equivalent use and to return the Plaintiff to his pre-loss condition.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff may not recover from State Farm under the Policy because the Complaint seeks recovery for pre-existing damages and, therefore, was not filed or served within the suit limitation period.

> 6. **Suit Against Us.** No action shall be brought against *us* unless there has been full compliance with all of the policy provisions. The action must be started within one year after the date of loss or damage.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff may not recover from State Farm under the Policy because the reported damage to Plaintiff's Property did not result from Loss Insured by the Policy. The Policy provides in **SECTION I – LOSSES INSURED**:

> **COVERAGE A – DWELLING**
>
> *We* will pay for accidental direct physical loss to the property described in Coverage A, unless the loss is excluded or limited in **SECTION I – LOSSES NOT INSURED** or otherwise excluded or limited in this policy. However, loss does not include and *we* will not pay for, any *diminution in value*.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff may not recover from State Farm because the reported damage to Plaintiff's Property did not result from a covered cause of loss. The Policy provides in **SECTION I – LOSSES NOT INSURED**:

1. **We** will not pay for any loss to the property described in Coverage A that consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through m. below, regardless of whether the loss occurs abruptly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

   a. collapse, except as specifically provided in **SECTION I – ADDITIONAL COVERAGES, Collapse**;

   c. freezing, thawing, pressure, or weight of water, ice, snow, or sleet, whether driven by wind or not, to:

      . . .

      (2) an awning, fence, pavement, patio, foundation (including slabs, basement walls, crawl space walls, and footings), retaining wall, bulkhead, pier, wharf, or dock;

   . . .

   g. wear, tear, decay, marring, scratching, deterioration, inherent vice, latent defect, or mechanical breakdown;

   h. corrosion, electrolysis, or rust;

   i. wet or dry rot;

   . . .

   k. settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundations (including slabs, basement walls, crawl space walls, and footings), walls, floors roofs, or ceilings;

   . . .

However, *we* will pay for any resulting loss from items a. through l. unless the resulting loss is itself a Loss Not Insured as described in this Section.

2. *We* will not pay for, under any part of this policy, any loss that would not have occurred in the absence of one or more of the following excluded events. *We* will not pay for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs abruptly or gradually, involves isolated or widespread damage, occurs on or off the ***residence premises***, arises from any natural or external forces, or occurs as a result of any combination of these:

   a. **Ordinance or Law**, meaning enforcement of any ordinance or law regulating the construction, repair, or demolition of a ***building structure*** or other structure.

   b. **Earth Movement**, meaning the sinking, rising, shifting, expanding, or contracting of earth, all regardless of whether combined with water, sewage, or any material carried by, or otherwise moved by the earth. Earth movement includes but is not limited to:

      (1) earthquake;

      (2) landslide, mudslide, or mudflow;

      (3) sinkhole or subsidence;

      (4) movement resulting from:

         (a) improper compaction;

         (b) site selection;

         (c) natural resource extraction activities; or

(d) excavation;

(5) erosion;

(6) pressure by surface or subsurface earth or fill; or

(7) any volcanic activity, except as specifically provided in **SECTION I – ADDITIONAL COVERAGES, Volcanic Action**.

However, ***we*** will pay for any accidental direct physical loss by fire, explosion other than explosion of a volcano, or theft resulting from earth movement, provided the resulting loss is itself a *loss insured*.

. . .

c.  **Water**, meaning:

(1) flood;

(2) surface water.  This does not include water solely caused by the release of water from a swimming pool, spigot, sprinkler system, hose, or hydrant;

. . .

(7) water or sewage from outside the ***residence premises*** plumbing system that enters through sewers or drains, or water or sewage that enters and overflows from within a sump pump, sump pump well, or any other system designed to remove subsurface water that is drained from the foundation area;

(8)  water or sewage below the surface of the ground, including water or sewage that exerts pressure on, or seeps or leaks through a ***building     structure***, sidewalk, driveway, swimming pool, or other structure;

(9) material carried or otherwise moved by any of the water or sewage, as described in items c.(1) through c.(8) above.

. . .

d. **Neglect**, meaning neglect of the insured to use all reasonable means to save and preserve property at and after the time of a loss, or when property is endangered.

. . .

g. ***Fungus***, including

(1) any loss of use or delay in rebuilding, repairing, or replacing covered property, including any associated cost or expense, due to interference at the ***residence premises*** or location of the rebuilding, repair, or replacement of that property, by ***fungus***;

(2) any remediation of ***fungus***, including the cost or expense to:

(a) remove the ***fungus*** from covered property or to repair, restore, or replace that property;

(b) tear out and replace any part of the ***building structure*** or other property as needed to gain access to the ***fungus***; or

(c) contain, treat, detoxify, neutralize or dispose of or in any way respond to or assess the effects of the ***fungus***; or

(3) the cost of any testing or monitoring of air or property to confirm the type, absence, presence, or level of ***fungus***, whether performed prior to, during, or after removal, repair, restoration, or replacement of covered property.

. . .

3. *We* will not pay for, under any part of this policy, any loss consisting of one or more of the items below. Further, *we* will not pay for any loss described in paragraphs 1. and 2. immediately above regardless of whether one or more of the following: (a) directly or indirectly cause, contribute to, or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss:

. . .

b. defect, weakness, inadequacy, fault, or unsoundness in:

(1) planning, zoning, development, surveying, or siting;

(2) design, specifications, workmanship, repair, construction, renovation, remodeling, grading, or compaction;

(3) materials used in repair, construction, renovation, remodeling, grading, or compaction; or

(4) maintenance;

of any property (including land, structures, or improvements of any kind) whether on or off the *residence premises*; or

c. weather conditions.

However, *we* will pay for any resulting loss from items 3.a., 3.b., and 3.c. unless the resulting loss is itself a Loss Not Insured as described in this section.

Further, the Policy provides in **DEFINITIONS**:

3. "*building structure*" means a structure fully enclosed with permanent walls and a roof. A permanent wall or roof does not include any kind of temporary

materials including but not limited to tarps, plastic sheeting, or other similar material. A structure that is otherwise fully enclosed with permanent walls and a roof, that is undergoing repairs due to a recent *loss insured*, using materials such as tarps, plastic sheeting, or other similar material, is still considered a *building structure*.

A *building structure* includes:

a.  the foundation supporting the structure, including:

(1) slabs;

(2) basement walls;

(3) crawl space walls;

(4) footings; and

(5) gravel, stone, or sand, used as fill material and located not more than 12 inches directly below a slab described in item a.(1), including water supply lines, domestic water pipes, and sewer pipes located within this fill material; and

b.  wall-to-wall carpeting attached to the structure.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff may not recover from State Farm under the Policy because the reported damage to Plaintiff's Property did not result from an additional coverage for collapse. The Policy provides in **SECTION I – ADDITIONAL COVERAGES**:

The following Additional Coverages are subject to all of the terms, provisions, exclusions, and conditions of this policy.

. . .

11. *We* will pay for accidental direct physical loss to covered property involving the abrupt, entire collapse of a ***building structure*** or any part of a ***building structure***.

    a. Collapse means the abrupt and entire falling down, caving in, or falling into pieces of a ***building structure*** of any part of a ***building structure***. Collapse does not include any of the following:

        (1) settling, cracking, crumbling, deterioration, shrinking, bulging, expansion, sagging, bowing, leaning, or bending;

        (2) substantial structural impairment;

        (3) imminent or threatened collapse;

        (4) a ***building structure*** or any part of a ***building structure*** that is in danger of falling down or caving in; or

        (5) a part of a ***building structure*** that is standing even if:

            (a) it has separated from another part of the ***building structure***; or

            (b) it shows evidence of settling, cracking, crumbling, deterioration, shrinking, bulging, expansion, sagging, bowing, leaning, or bending.

    b. The collapse must be directly and immediately caused by one or more of the following:

        (1) perils described in **SECTION I – LOSSES INSURED**, **COVERAGE B – PERSONAL PROPERTY**. These perils apply to ***building structures*** covered under Coverage A or

Coverage B for loss insured by this Additional Coverage;

(2) decay or deterioration of, or damage from animals, birds, or insects to:

(a) a connector; or

(b) a structural member of a ***building structure***;

The decay, deterioration, or damage must be hidden from view and unknown to all ***insureds*** prior to the collapse.

(3) the weight of contents, animals, or people;

(4) weight of ice, snow, sleet, or rain that collects on a roof, porch, or deck; or

(5) use of defective material or methods in the construction (includes remodeling or renovation) of the ***building structure***, if the collapse occurs during the course of the construction of the ***building structure***.

Loss to awnings, fences, patios, pavement, swimming pools, underground pipes, flues, drains, cesspools, septic tanks, foundations (including slabs, basement walls, and crawl space walls), retaining walls, bulkheads, piers, wharfs, docks, trellises, or antennas and their supporting structures is not included under items (2), (3), and (4) immediately above unless the loss is the direct and immediate result of the collapse of a ***building structure*** or any part of a ***building structure***.

This coverage does not increase the limit applying to the damaged property.

Further, the Policy provides in **DEFINITIONS**:

3. "***building structure***" means a structure fully enclosed with permanent walls and a roof. A permanent wall or roof does not include any kind of temporary materials including but not limited to tarps, plastic sheeting, or other similar material. A structure that is otherwise fully enclosed with permanent walls and a roof, that is undergoing repairs due to a recent ***loss insured***, using materials such as tarps, plastic sheeting, or other similar material, is still considered a ***building structure***.

A ***building structure*** includes:

a. the foundation supporting the structure, including:

    (1) slabs;

    (2) basement walls;

    (3) crawl space walls;

    (4) footings; and

    (5) gravel, stone, or sand, used as fill material and located not more than 12 inches directly below a slab described in item a.(1), including water supply lines, domestic water pipes, and sewer pipes located within this fill material; and

b. wall-to-wall carpeting attached to the structure.

## <u>FIFTEENTH AFFIRMATIVE DEFENSE</u>

The Plaintiff's claim is barred and Plaintiff cannot recover because he failed to satisfy the duties under the Policy in **SECTION I – CONDITIONS**:

2. **Your Duties After Loss.** After a loss to which this insurance may apply, you shall see that the following duties are performed:

a. give immediate notice to us or our agent. Also notify the police if the loss is caused by theft. Also notify the credit card company or bank if the loss involves a credit card or bank fund transfer card;

b. protect the property from further damage or loss, make reasonable and necessary temporary repairs required to protect the property, keep an accurate record of repair expenditures;

c. prepare an inventory of damaged or stolen personal property. Show in detail the quantity, description, age, replacement cost and amount of loss. Attach to the inventory all bills, receipts and related documents that substantiate the figures in the inventory;

d. as often as *we* reasonably require:

   (1) exhibit the damaged property;

   (2) provide *us* with records and documents we request and permit us to make copies;

   (3) submit to and subscribe, while not in the presence of any other ***insured***:

      (a) statements; and

      (b) examinations under oath; and

   (4) produce employees, members of the **insured's** household or others for examination under oath to the extent it is within the **insured's** power to do so; and

e. submit to *us*, within 60 days after the loss, your signed, sworn proof of loss which sets forth, to the best of your knowledge and belief:

   (1) the time and cause of loss;

(2) interest of the ***insured*** and all others in the property involved and all encumbrances on the property;

(3) other insurance which may cover the loss;

(4) changes in title or occupancy of the property during the term of this policy;

(5) specifications of any damaged building and detailed estimates for repair of the damage;

(6) an inventory of damaged or stolen personal property described in 2.c.;

(7) receipts for additional living expenses incurred and records supporting the fair rental value loss; and

(8) evidence or affidavit supporting a claim under the Credit Card, Bank Fund Transfer Card, Forgery and Counterfeit Money coverage, stating the amount and cause of loss.

. . . .

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff may not recover from State Farm under the Policy because Plaintiff failed to satisfy the conditions precedent to recovery.   Specifically, the Policy provides in **SECTION I – CONDITIONS** as follows:

6. **Suit Against Us.** No action shall be brought against *us* unless there has been full compliance with all of the policy provisions. . . . .

## SEVENTEENTH AFFIRMATIVE DEFENSE

State Farm is not liable to Plaintiff because Plaintiff failed to properly mitigate his damages.

## EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff attempts to impose duties upon State Farm aside from those set forth in the Policy, Plaintiff's claims fail in both fact and law. Georgia law does not impose extra-contractual duties on insurers when adjusting claims asserted by insureds. Moreover, at all times relevant hereto, State Farm acted in good faith and in accordance with the terms and conditions of the Policy.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, and estoppel.

## TWENTIETH AFFIRMATIVE DEFENSE

State Farm denies that the damages alleged in the Complaint were proximately caused by any conduct on the part of State Farm.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The facts and circumstances forming the basis of Plaintiff's Complaint were brought about by and as a result of Plaintiff's own conduct and Plaintiff, therefore, is estopped and precluded from recovering herein.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

The proximate cause of the incident in this lawsuit was the negligence of another or others not subject to the control of State Farm, and for whose acts State Farm is not responsible, with the result that Plaintiff is not entitled to recover from State Farm.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff may not recover from State Farm to the extent that Plaintiff's damages resulted from his own negligence or the negligence of third parties.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries and damages, if any, were solely or proximately caused by Plaintiff's own contributory negligence, which bars or reduces Plaintiff's claims herein in an amount to be determined by the trier of fact.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff waived his right to insist upon State Farm's compliance with the Policy due to his own failure to comply with the Policy conditions.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks to establish a cause of action against State Farm based on the provisions of Georgia's Unfair Claims Settlement Practices Act contained in O.C.G.A. § 33-6-34, Plaintiff fails to state a claim upon which relief

could be granted.  By its express terms, the Unfair Claims Settlement Practices Act does not create a private cause of action.  O.C.G.A. § 33-6-37.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks to recover from State Farm in tort, Plaintiff is barred from recovery as the relationship between Plaintiff and State Farm is solely between State Farm and Plaintiff and is strictly contractual in nature and does not support an action in tort.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims against State Farm should be dismissed and Plaintiff cannot recover because Plaintiff failed to join indispensable party.  The Policy states in **DEFINITIONS**:

21. "*you*" and "*your*" mean the person or persons shown as "Named Insured" in the ***Declarations***.  If a "Named Insured" shown in the ***Declarations*** is a human being, then *you* and *your* include:

    a.  a spouse of a "Named Insured";

    b.  a party to a civil union with a "Named Insured";

    c.  a domestic partner of a "Named Insured"; or

    d.  a person in a substantially similar legal relationship with a "Named Insured";

    if such relationship is recognized and valid in the state where, and at the time when, the legal relationship was established, so long as the person in the above relationship resides primarily with that "Named Insured".

Because the Plaintiff failed to join the Plaintiff's wife her absence would prejudice State Farm, would impair State Farm's ability to protect her interest, and would leave State Farm subject to a substantial risk of incurring inconsistent obligations under the Policy and applicable law.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff's spouse is not a party to this action, Plaintiff cannot recover damages from State Farm beyond his insurable interest.  The Policy states in **SECTION I – CONDITIONS**:

> 1. **Insurable Interest and Limit of Liability**.  Even if more than one person has an insurable interest in the property covered, ***we*** will not be liable:
>
>     a. to the ***insured*** for an amount greater than the ***insured's*** interest; or
>
>     b. for more than the applicable limit of liability.

## THIRTIETH AFFIRMATIVE DEFENSE

State Farm expressly reserves the right to assert any and all affirmative defense(s) and matter(s) in avoidance as may be disclosed during the course of additional investigation and discovery.  Subject to and without waiving any of its other respective rights, jurisdictional or legal defenses, or objections, State Farm responds to the specific averments contained in the individual and enumerated paragraphs of the Complaint as follows:

## PARTIES

### 1.

State Farm is without sufficient information to admit or deny the allegations contained in Paragraph 1 of Plaintiff's Complaint and therefore these allegations are denied.

### 2.

State Farm admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

### 3.

State Farm admits the allegations contained in Paragraph 3 insofar as State Farm does not dispute the personal jurisdiction of this Court. Any other allegations contained in Paragraph 3 of Plaintiff's Complaint not specifically admitted are denied.

### 4.

State Farm admits the allegations contained in Paragraph 4 of Plaintiff's Complaint insofar as State Farm does not dispute venue in this Court. Any other allegations contained in Paragraph 4 of Plaintiff's Complaint not specifically admitted are denied.

5.

State Farm denies the allegations contained in Paragraph 5 of Plaintiff's Complaint as stated but does not dispute the jurisdiction of and venue in this Court.

## THE POLICY

6.

In response to Paragraph 6 of Plaintiff's Complaint, State Farm admits that Exhibit A is a true and accurate copy of the Policy.  By way of further response, State Farm admits that, at all times relevant hereto, it insured Plaintiff's Property located at 15 Heritage Way, McDonough, Georgia 30253-6065, subject, however, to all terms and conditions of the Policy and all applicable law.  In further response to Paragraph 6, State Farm admits that the Policy provided coverage for certain "Losses Insured" to the "Dwelling" and to "Personal Property," among other Coverages, as set forth in the Policy and subject to all other terms of the Policy and all applicable Georgia law.  Any other allegations contained in Paragraph 6 of Plaintiff's Complaint not specifically admitted are denied.  State Farm specifically denies that Plaintiff asserted a claim for damage to personal property.

7.

State Farm denies the allegations contained in Paragraph 7 of Plaintiff's Complaint as stated.   State Farm further contends that the Policy terms and conditions speak for themselves subject, moreover, to all applicable Georgia law.

Any other allegations contained in Paragraph 7 of Plaintiff's Complaint not specifically admitted are denied.

8.

State Farm denies the allegations contained in Paragraph 8 of Plaintiff's Complaint as stated. State Farm further contends that the Policy terms and conditions speak for themselves subject, moreover, to all applicable Georgia law. Any other allegations contained in Paragraph 8 of Plaintiff's Complaint not specifically admitted are denied.

## COLLAPSE DAMAGE TO THE INSURED PROPERTY

9.

State Farm admits that the Policy was in effect on April 19, 2019, subject, however, to its terms and conditions and all applicable law. State Farm denies the remaining allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.

In response to Paragraph 10 of Plaintiff's Complaint, State Farm admits that Plaintiff initiated Claim No. 11-01X7-29Z ("Claim") on April 23, 2019, for damage that allegedly occurred on April 19, 2019. In further response to Paragraph 10 of Plaintiff's Complaint, State Farm admits that its employee, Bryan Van Camp, investigated aspects of Plaintiff's Loss and Claim. Any other

allegations contained in Paragraph 10 of Plaintiff's Complaint not specifically admitted are denied.

11.

In response to Paragraph 11 of Plaintiff's Complaint, State Farm admits that the Plaintiff exhibited the Property on April 25, 2019, June 3, 2019, and December 20, 2019. Any other allegations contained in Paragraph 11 of Plaintiff's Complaint not specifically admitted are denied.

12.

In response to Paragraph 12 of Plaintiff's Complaint, State Farm admits only that Bryan Van Camp inspected the Property on April 25, 2019. Any other allegations contained in Paragraph 12 of Plaintiff's Complaint not specifically admitted are denied.

13.

State Farm denies the allegations contained in Paragraph 13 of Plaintiff's Complaint as stated.

14.

State Farm admits that Exhibit B is a true and correct copy of a letter from State Farm to Plaintiff's public adjuster, Richie Brown. Any other allegations contained in Paragraph 14 of Plaintiff's Complaint not specifically admitted are denied.

15.

State Farm denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.

State Farm denies the allegations contained in Paragraph 16 of Plaintiff's Complaint as stated.    By way of further response, State Farm admits that it received the letter identified as Exhibit C though it denies the allegations contained in Exhibit C.    Any other allegations contained in Paragraph 16 of Plaintiff's Complaint not specifically admitted are denied.

17.

State Farm denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.

State Farm denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.

State Farm denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.

State Farm denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.

State Farm denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

## COUNT I: BREACH OF CONTRACT

22.

State Farm hereby incorporates by reference its answers to Paragraphs 1 through 21 as if each were fully set forth herein.

23.

State Farm denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.

State Farm denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.

State Farm denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.

State Farm denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.

State Farm denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28.

State Farm denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.

State Farm denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.

State Farm denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.

Paragraph 31 of Plaintiff's Complaint does not contain allegations that require a response from State Farm, but State Farm denies the relief sought and any allegations relied upon in seeking such relief.

## COUNT II: BAD FAITH

32.

State Farm hereby incorporates by reference its answers to Paragraphs 1 through 31 as if each were fully set forth herein.

33.

State Farm denies the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34.

State Farm denies the allegations contained in Paragraph 34 of Plaintiff's Complaint, including all subparts.

35.

State Farm denies the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36.

State Farm denies the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37.

State Farm denies the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38.

State Farm denies the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39.

State Farm denies the allegations contained in Paragraph 39 of Plaintiff's Complaint.

40.

State Farm denies the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41.

State Farm denies the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42.

State Farm denies the allegations contained in Paragraph 42 of Plaintiff's Complaint.

## COUNT III: ATTORNEY'S FEES

43.

State Farm hereby incorporates by reference its answers to Paragraphs 1 through 42 as if each were fully set forth herein.

44.

State Farm denies the allegations contained in Paragraph 44 of Plaintiff's Complaint.

45.

State Farm denies the allegations contained in Paragraph 45 of Plaintiff's Complaint.

## DEMAND FOR JURY TRIAL

46.

Paragraph 46 of Plaintiff's Complaint does not contain allegations that require a response from State Farm, but State Farm denies the relief sought and any allegations relied upon in seeking such relief.

## PRAYER FOR RELIEF

47.

State Farm denies the allegations contained in Paragraph 47 of Plaintiff's Complaint.

State Farm denies each and every remaining allegation contained in Plaintiff's Complaint not specifically admitted herein, including all of Plaintiff's requests for relief.

WHEREFORE, having fully responded to Plaintiff's Complaint, State Farm respectfully prays for the following relief:

(a)     That Plaintiff's Complaint be dismissed with prejudice;

(b)     That State Farm be awarded its attorneys' fees and costs incurred in

connection with the defense of this action; and

(c)     For such other and further relief as this Court deems appropriate.

This 8th day of May, 2020.

Respectfully submitted,

SWIFT, CURRIE, McGHEE & HIERS, LLP

*/s/ Thomas D. Martin*
Thomas D. Martin
Georgia State Bar No. 475535
Kristen M. Vigilant
Georgia State Bar No. 191460
*Attorneys for Defendant*
*State Farm Fire and Casualty Company*

Suite 300 The Peachtree
1355 Peachtree Street, NE
Atlanta, Georgia 30309
Tel:   404.874.8800
Fax:   404.888.6199
tom.martin@swiftcurrie.com
kristen.vigilant@swiftcurrie.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have this day electronically filed the within and foregoing *State Farm Fire and Casualty Company's Answer and Affirmative Defenses* with the Clerk of Court using the CM/ECF System. The Clerk will serve opposing counsel as follows:

J. Remington Huggins, Esq.
Michael D. Turner, Esq.
Huggins Law Firm LLC
110 Norcross Street
Roswell, Georgia 30075
remington@lawhuggins.com
mdturner@lawhuggins.com

This 8th day of May, 2020.

SWIFT, CURRIE, McGHEE & HIERS, LLP

*/s/ Thomas D. Martin*
Thomas D. Martin
Georgia State Bar No. 475535
Kristen M. Vigilant
Georgia State Bar No. 191460
*Attorneys for Defendant*
*State Farm Fire and Casualty Company*

Suite 300 The Peachtree
1355 Peachtree Street, NE
Atlanta, Georgia 30309
Tel:   404.874.8800
Fax:   404.888.6199
tom.martin@swiftcurrie.com
kristen.vigilant@swiftcurrie.com